Carr, J.
This award was made under a rule of court in a pending cause, and, therefore, was not within the statute concerning awards, 1 Rev. Code, ch. 114. p. 454. Consequently, there was no fixed time within which objectjons must fiave been taken to it, and for which it must have lain, before it could be entered as the judgment of the court; and there was no error in entering it as the judgment of the court, at the term to which it was returned. But if this had been erroneous, it was a legal error, palpable on the face of the proceedings, and an appellate court of law could have corrected it. Nor was there surprize in entering this award as the judgment of the court; for it is proved that both Scott, the arbitrator who did not join in the award, and Kelly’s counsel, had notice of it; and the court sat five days after that on which the judgment was entered. The allegation, that it was airy part of the order, or the understanding of the parties, that the presence of Mr. Scott was indispensable to the making up of the award, is also clearly disproved. It is equally a rule of law and equity that the reasons for setting aside an award, must appear on the face of it, or there must be misbehaviour of the arbitrators, or. some palpable mistake. The cases to prove this are too numerous and familiar to require citation.. And nothing is considered to be apparent on the award, but what forms a part of it: no calculations, or any of the grounds of it, unless incorporated with it, or annexed to it, at the time of delivery, are to be regarded or received as reasons or grounds to avoid it. Taylor v. Nicholson, 1 Hen. & Munf. 67. In this case, there are no facts or circumstances, calculations or principles, incorporated in or annexed to the awardnothing to guide us on the subject. As to misbehaviour, it is not suggested in either of the bills; and if it had been alleged, it is wholly disproved by the facts, for I have never seen a case in which the' arbitrators seem to have been more entirely clear of par *71 tiality. Upon every ground, I think the decree must be affirmed.
Cabell, J.
It is competent to an executor or administrator to submit to arbitration, any controversy concerning the estate, whether the estate claims to be a debtor or creditor. This results, necessarily, from the full dominion which the law gives him over the assets, and the full discretion which it vests in him for the settlement and liquidation of all claims due to or from the estate. And although a mere submission to arbitration will not bind the executor or administrator, personally, to pay the sum awarded out of his own estate, yet the award is binding on him in his fiduciary character, and consequently on the assets of the estate which he represents : Pearson v. Henry, 5 T. R. C. Lyle v. Rodgers, 5 Wheat. 394. And, so far as relates to debtors and.creditors, parties to the award, it is binding on legatees and distributees, in the same manner, as if the adjustment and liquidation had been made by the executor or administrator, without an award, in virtue of the general powers belonging to his fiduciary character. If, indeed, injury has been done to legatees and distributees, by an award giving too much against the estate, or too little in its favour, that injury may be redressed; but it can be done only by charging it as a devastavit by the executor or administrator, on the settlement of his accounts. I allude to cases free from fraud j for we know that fraud will vitiate every transaction. In this case, no fraud is alleged or proved: there is no misbehaviour or partiality proved in the arbitrators ; and the award, on its face, is free from objection. The decree must be affirmed.’